GUSSIE KATZ, Plaintiff, *v.* RUBIN SILVERBERG, Defendant.

Municipal Court of New York, Borough of Brooklyn, May 19, 1944.

*Henry D. Dorfman* for defendant.

*Nathan Landesberg* for plaintiff.

GUTMAN, J. Defendant moves to vacate the alleged service of a summons herein by substituted service and to vacate judgment entered by default.

The affidavit of service is sworn to February 23, 1944. It recites that service of the summons was effected by leaving a copy of same and of the order directing such service " at the residence address of said defendant at No. 39 Vernon Avenue, County of Kings, City of New York," and by mailing another copy directed to said defendant at the said address. Upon the failure of defendant to serve and file an answer, judgment was entered on May 2, 1944.

The defendant in his affidavit asserts that he has not resided at No. 39 Vernon Avenue, Brooklyn, since " on or about the beginning of this year," but that he resided at No. 407 South 5th Street, Brooklyn, New York; that he did not receive a copy of the summons, or of the order as alleged in the affidavit. of service of the summons, and that his first notice of this action was a copy of the judgment.

Plaintiff's attorney upon the argument of this motion exhibited to the court an envelope postmarked " March 6, 1944," addressed to said attorney, purporting to be from defendant and bearing on the reverse side the return address, " 39 Vernon Avenue, Brooklyn, New York."

Defendant's attorney thereupon exhibited to the court an envelope addressed to defendant, postmarked " March 2, 1944 ", with a pencil line drawn across the original address, and " 407 S. 5th Street " written in, which, counsel contends indicates the removal of defendant from the Vernon Avenue address, and that defendant did not receive mail at such address. This latter ·envelope is alleged to have contained a copy of the judgment herein.

A sharp conflict as to the truth thus arises and the credibility of the respective affiants accordingly must be weighed. The order for substituted service directing the leaving of a copy of the summons at, and the mailing of a copy to defendant at 39 Vernon Avenue was made on the affidavit of one Frank Browner, who describes himself as a process server.

The affidavit, sworn to on February 16, 1944, states that after receiving the summons for service on defendant, the said Frank Browner called at " defendant's " residence address at No. 39 Vernon Avenue on the following dates: January 12, at about 8:00 A.M., January 15, at about 9:00 P.M., January 20, at about 7:00 P.M., January 29, at about 8:30 A.M., February 3, at about 7:30 P.M., February 7, at about 10:00 A.M., February 9, at about 9:30 P.M. This affidavit is on a printed form. Except for necessary insertions, such as names and dates, the subject matter contained in said affidavit is printed.

The affidavit then reads as follows: " That upon each of those dates I generally spoke to the housekeeper who informed me that the defendant was not in and who refused to make any appointment or let me know when I could see the defendant. That on the 9th day of February I informed the housekeeper that I had a summons to serve on Rubin Silverberg and that I would call again on February 11 at 6:30 P. M., and if I could not effect service personally upon said defendant, I would apply to the court for an order for substituted service." Except for the dates, time, defendant's name and the word " housekeeper ", which are typewritten, all of the foregoing is printed, including the substance of the alleged conversations.

Defendant in his affidavit denies that he had a housekeeper at No. 39 Vernon Avenue and that he resided there on the dates listed by the process server.

Aside from any other considerations it is inconceivable that any degree of credibility should be attached to an affidavit such as the one on which service by substitution was directed.

The affidavit is on a form printed and prepared with a ready-made narrative for subscription under oath as to alleged visits, conversations and their substance. Factors which may, and frequently do, vary in attempt to serve process are not disclosed. Such printed affidavits apparently are used in any given situation. They indicate on their face no regard for the truth. They constitute a clear abuse of the practice of using forms printed solely for the purpose of expediting the work of attorneys and saving time and labor, and accordingly exceed the proper use of printed forms. The presentation of orders

based upon such affidavits is a fraudulent presumption upon the courts.

The use of this type of printed affidavit is daily becoming more common. Disregard for the true intent and purpose of an affidavit upon the basis of which an ex parte order may be granted, as well as of the court itself, is encouraged by such practice, and should not be countenanced.

The defendant acted promptly in moving to set aside and vacate the judgment entered on May 2, 1944, and under all the circumstances the motion is granted.